In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00090-CV


______________________________




CHARLES CLAY WARNER, JR., Appellant



V.



ZELDA GLASS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 01C1085-102




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Charles Clay Warner, Jr. appeals from an order of dismissal in his suit against Zelda Glass
and the Texas Department of Criminal Justice, Institutional Division (TDCJ). Glass moved for
dismissal under Chapter 14 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac.
& Rem. Code Ann. § 14.001 (Vernon 1986 & Supp. 2002). The trial court granted her motion. No
mention was made of TDCJ in Glass's motion or the trial court's order of dismissal.

 This Court has jurisdiction of final judgments only. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 200 (Tex. 2001). An order that does not finally dispose of all remaining parties and claims is
not a final order. Id. If the intent to dispose of the case is not unequivocally expressed in the
language of the order itself, then the order is not final. Id. 

 Here the trial court's order does not indicate it applies to TDCJ. Therefore, this court is
without jurisdiction over the appeal.

 We notified Warner of this defect and gave him ten days in which to show cause why this
appeal should not be dismissed for want of jurisdiction. See Tex. R. App. P. 42.3. Initially, Warner
requested an extension of time in which to respond, and we granted his motion. Warner then filed
an Appellate Motion to Delay Cause, in which he requested we postpone action until the trial court
"rule [sic] upon . . . Appellate Motion for findings of fact and conclusions of law - And enter final
judgment of its findings with the clerk of the sixth district Appeals court regarding 'TEXAS 
DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION.'"

 Findings of fact and conclusions of law will not affect the finality of the judgment. 
Therefore, we overrule Warner's Appellate Motion to Delay Cause. Because the judgment is not
final, we dismiss the appeal for want of jurisdiction. (1)




 Ben Z. Grant

 Justice


Date Submitted: August 15, 2002

Date Decided: August 16, 2002


Do Not Publish
1. Warner can, of course, file the appeal when the judgment becomes final.